## ORR v. SHOEMAKER.

*Appearance—Attachment proceedings—Jurisdiction not acquired by motion to discharge, when—Error proceedings—Final order— Motion for default judgment.*

1. Jurisdiction over the person of a nonresident defendant in a suit in attachment is not acquired by the filing of a motion by him for a discharge of the attachment for the reason that he is not the owner of the property upon which it has been levied.

2. The overruling of a motion for judgment by default is not a final order to which error can be prosecuted.

(Decided January 14, 1914.)

ERROR: Court of Appeals for Butler county.

JONES, O. B., J.; SWING and JONES, E. H., JJ., concurring.

The point involved in this case is whether the defendant, Robert H. Shoemaker, by filing of the motion to discharge the attachment, inadvertently entered his appearance in the cause and thus gave the court jurisdiction of his person.

Defendant is a nonresident of Ohio. Two causes of action are' embraced in the petition; one upon a promissory note and the other upon an account. A farm and certain chattel property upon it, located in Butler county, were attached in said proceedings.

Defendant filed a motion in the following words:

"Now comes the defendant herein, by his counsel, and without entering his appearance herein and without waiving any of his rights, and for the purpose of this motion only, moves the court to discharge the attachment herein and to release the

property claimed to have been attached in this pro-
ceeding, for the reason that said property is not
subject to attachment herein as the defendant is
not the owner of said property, and the court there-
fore has no jurisdiction of the subject-matter."

On hearing, this motion was overruled by the
court.   Afterwards, in August, 1913, plaintiff,
George B. Orr, filed a motion asking for judgment
by default against the defendant, on the ground
that the defendant had entered his appearance by
filing the motion above quoted and was in default
for answer.

If this motion of defendant was for the purpose
of contesting the merits of the cause in any particu-
lar, or the jurisdiction of the court upon the sub-
ject-matter of the action, it would constitute a
waiver of all objections to the jurisdiction of the
court over the person of the defendant, even though
he had distinctly protested against such jurisdic-
tion, as he did in this case.   *Elliott* v. *Lawhead*, 43
Ohio St., 171; *Long* v. *Newhouse et al.,* 57 Ohio St.,
348, 370; 3 Cyc., 508.

It is clear, however, that the purpose of his ac-
tion was to challenge the jurisdiction of the court
to his person, by showing that the property sought
to be attached was not his property and therefore
the court had acquired no such jurisdiction over
his person, and he had not been brought before
the court.   The subject-matter in the case was not
the ownership of the property sought to be at-
tached, but was simply whether he was indebted on
the note and upon the account.   The only question,
therefore, brought before the court by the motion
was whether the court had acquired a jurisdiction

as against him. This is the construction that must be placed upon the motion, although it is not clearly drawn. The use of the word "subject-matter" in it does not refer to the subject-matter of the case itself, but rather to the property sought to be attached.

The motion filed in the case of *Newcomer* v. *Adkins,* 9 N. P., N. S., 308, contained several paragraphs addressed to the merits of the case, and yet the court properly held that the purpose of the motion was only to secure a discharge of the attachment and it did not effect an appearance.

The case of *Blinn* v. *Rickett,* 3 N. P., N. S., 345, 6 C. C., N. S., 513, is very similar to the case at bar; and the case of *Smith* v. *Hoover,* 39 Ohio St., 249, is exactly in point.

The court below was, therefore, correct in holding that jurisdiction over the person of the defendant had not been acquired, and in overruling the motion for a judgment by default.

The record fails to show that any evidence was offered or submitted to the court on the hearing of the motion for judgment. In our opinion the overruling of this motion for judgment by default was not a final order of the court below, and the prosecution of error in this court to that ruling is therefore premature, and the petition in error should be dismissed.

*Judgment affirmed.*

*Mr. Harry T. Klein* and *Mr. Sam D. Fitton, Jr.,* for plaintiff in error.

*Mr. Murray Shoemaker,* for defendant in error.