OPINION
On December 18, 2000, appellant, Richard Whittington, filed a claim for workers' compensation due to an alleged injury he received on November 28, 2000 while in the employ of appellee, Acloché LLC. Said claim was denied by a hearing officer on April 5, 2001.
On April 11, 2001, appellant filed an appeal with the Industrial Commission. A hearing was held on May 22, 2001. By decision issued July 21, 2001, the Industrial Commission affirmed the hearing officer's decision.
On September 19, 2001, appellant filed an appeal with the Court of Common Pleas of Licking County, Ohio. Named in the notice were appellee, James Conrad, Administrator Bureau of Workers' Compensation, appellee Acloché and Licking Memorial Hospital together with a doctor. The hospital and doctor were subsequently dismissed by the trial court on October 23, 2001.
On September 26, 2001, appellee Acloché filed a motion to dismiss for failure to state a claim upon which relief can be granted or in the alternative, motion for more definite statement. By judgment entry filed October 23, 2001, the trial court denied the motion to dismiss, but granted the motion for more definite statement.
On October 16, 2001, appellee Bureau filed an answer to the "Notice of Appeal."
On December 12, 2001, the trial court issued an order assigning an intermediate pretrial for April 10, 2002. The order stated "failure to appear shall be cause for dismissal or default."
On December 19, 2001, appellant filed a complaint, naming appellees Acloché and Bureau as defendants. On January 18, 2002, appellee Bureau filed an answer to the complaint.
On May 9 and 13, 2002, appellant filed motions for default against appellee Bureau based upon appellee Bureau's failure to attend the intermediate pretrial. By judgment entry filed May 28, 2002, the trial court denied said motion.
Appellant filed an appeal and this mater is now before this court for consideration. As appellant failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignment from appellant's arguments:
 I "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DEFAULT JUDGMENT BASED UPON APPELLEE BUREAU'S FAILURE TO ATTEND THE INTERMEDIATE PRETRIAL."
 I
Appellant claims the trial court erred in denying his motion for default judgment.
On May 9 and 13, 2002, appellant filed motions for default judgment based upon appellee Bureau's failure to attend the intermediate pretrial on April 10, 2002. The trial court denied the motions via judgment entry filed May 28, 2002. Although appellant raises six points in outline form in his appellate brief, we are unable to address them at this time for the following reasons.
R.C. 2505.02 governs final order and states in pertinent part a final order is one "that affects a substantial right in an action that in effect determines the action and prevents a judgment."
In Jamestown Village Condominium Owners Association v. Market MediaResearch, Inc. (1994), 96 Ohio App.3d 678, 693, our brethren from the Eighth District stated the following:
 "Likewise, a trial court's denial of a motion for default judgment is not a final order. Orr v. Shoemaker (1914), 2 Ohio App. 323, 325. The court's denial of the motion neither determines the action nor prevents a judgment; therefore, the denial of the motion is merely interlocutory. Westside Church of God v. Hawkins (Oct. 28, 1986), Montgomery App. No. 9763, unreported; Kondrat v. Mitrovich (Mar. 29, 1985), Lake App. No. 9-185, unreported; Withrow v. Beerman (Dec. 23, 1985), Butler App. No. 85-02-016, unreported."We agree with this analysis. Given the fact that a denial of a default judgment is not a final order, we are without jurisdiction to review the matter. See, Section 3(B)(2), Article IV, Ohio Constitution.
We hereby dismiss the appeal and remand the matter to the trial court for further proceedings.
By FARMER, J. GWIN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the appeal is dismissed. The matter is remanded to the Court of Common Pleas of Licking County, Ohio for further proceedings.